[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on January 20, 1962 at Derby, Connecticut. They have resided continuously in this state since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegations that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-81 and 46b-82 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for over 30 years. There are three children issue of the marriage, all over the age of 18 years. All three children presently reside in the marital home with the defendant. Throughout most of the marriage, the plaintiff assumed the role of homemaker, raising their three children. The defendant is 52 years of age. Her health is good except for a carpal tunnel syndrome condition in both hands. This condition will require surgery in the future. The plaintiff obtained a GED in 1985. In 1983 she took a course as a beautician and worked for approximately three weeks. She assisted her husband in his various businesses during the marriage. The plaintiff testified it was not a happy marriage.
The defendant is 54 years of age. He is a diabetic and requires insulin twice a day. He presently runs his own shoe repair shop. During the course of the marriage, the defendant frequently worked two jobs, leaving most of the child rearing and household management to the plaintiff.
Both parties appear to be hard workers and frugal. The marital home is mortgage free and the parties have miscellaneous stocks, bonds and mutual funds totaling approximately $112,000.
The parties' marital home is a two family home with rental income of $750 per month from the second floor. No real estate expert testified as to the value of the home. The plaintiff testified the home is worth from $175,500 to $190,000. The defendant gave the property a value of $164,500 to $179,900. There is also a garage apartment on the premises which may be closed down CT Page 9678 by the zoning authorities as of November 15, 1993. At the present time this apartment generates $450 per month rental income.
Unfortunately, the parties were unable to resolve their marital difficulties. The plaintiff vacated the marital home in December 1991 and the parties have lived apart since that time. The court declines to assess fault to either party for the cause of the breakdown of this marriage.
The following orders shall enter.
A. Real Estate
1. As an assignment of property, the defendant shall pay to the plaintiff the sum of $88,000 no later than February 1, 1994. The plaintiff shall that the time convey to the defendant her entire interest in the marital residence located at #7-9 Stephen Street, Derby, Connecticut.
2. If the defendant is unable to pay this award, then the marital home shall be listed for sale and sold forthwith. After payment of the broker's fees and usual costs of closing, the net proceeds shall be divided 55% to the plaintiff and 45% to the defendant.
3. The defendant shall be solely responsible for the real estate taxes, maintenance, and insurance on the marital home. The defendant shall be entitled to the rental income from the marital property.
4. The court reserves jurisdiction as to any disputes arising in reference to the sale of the property.
5. The defendant is entitled to the exclusive possession of the property.
B. Alimony
1. Until the defendant pays the lump sum award to the plaintiff or until the residence is sold, whichever event shall first occur, the defendant shall pay to the plaintiff as periodic alimony the sum of $150 per week.
2. Commencing the first day of the month after the defendant has paid the lump sum award to the plaintiff or the residence has CT Page 9679 been sold and the net proceeds divided, the defendant shall pay to the plaintiff as periodic alimony the sum of $125 per week.
3. Said alimony shall terminate on the death of the plaintiff, the death of the defendant, or the plaintiff's remarriage, whichever event shall first occur.
C. Other Property
1. The plaintiff is awarded one-half of the stocks, bonds, mutual funds and securities of the parties. The parties shall cooperate in connection with the division of these assets.
2. The defendant shall transfer the sum of $2779 from his IRA's to the plaintiff's IRA's.
3. The plaintiff shall be entitled to 50% of the defendant's pension benefits from the Farrell Corporation. Said amount shall be secured by means of a QDRO. The plaintiff shall be entitled to have joint and survivor annuity rights in said pension. The court shall retain jurisdiction in order to effectuate the execution of the QDRO.
4. The court previously ordered the Mobil Corp. stock to be sold and the proceeds to be divided equally between the parties. Said order remains in full force and effect.
D. Arrearage
The court finds an arrearage on the pendente lite order as of this date in the amount of $900. Said arrears shall be paid by the defendant to the plaintiff within two (2) weeks of date.
E. Miscellaneous
1. The plaintiff shall be entitled to the 1981 Buick motor vehicle and the defendant shall transfer title to the plaintiff forthwith.
2. The plaintiff shall be entitled to her interest in the real estate located at 66 Hawkins Street, Derby, Connecticut, free from any claim by the defendant.
F. Health Insurance CT Page 9680
The plaintiff shall be entitled to COBRA benefits through the defendant's medical insurance coverage. The cost of said coverage shall be paid by the defendant for a period of ninety (90) days from date. Thereafter, the cost of said coverage shall be the plaintiff's obligation. Any uninsured medical expenses shall be the plaintiff's obligation.
G. Life Insurance
The defendant shall name the plaintiff as the sole beneficiary on the defendant's Fidelity Guaranty Life Insurance policy in the amount of $75,000. The defendant shall be responsible for all premiums on said policy. Said life insurance provision shall remain in effect for as long as the defendant has an obligation to pay periodic alimony to the plaintiff. This provision shall be modifiable.
H. Debts
Each party shall be responsible for the debts as listed on their respective financial affidavits.
I. Counsel Fees
No further counsel fees are awarded.
J. Personal property.
The personal property located at the marital home shall be equally divided between the parties as they shall agree. If the parties are unable to agree they are referred to Family Services for mediation. If mediation is unsuccessful, the parties shall return to court for further orders after a hearing thereon.
Coppeto, J. CT Page 9681